UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN S. ARTANDI,

                    Plaintiff,

    -against-

OXFORD HEALTH PLANS,

                    Defendant.
------------------------------------------------------------x

**Civil Action No.: 08 CV 2379**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN S. ARTANDI,

                    Plaintiff,

    -against-

OXFORD HEALTH PLANS,

                    Defendant.
------------------------------------------------------------x

**Civil Action No.: 08 CV 2380**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN S. ARTANDI,

                    Plaintiff,

    -against-

OXFORD HEALTH PLANS,

                    Defendant.
------------------------------------------------------------x

**Civil Action No.: 08 CV 2381**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN S. ARTANDI,

                    Plaintiff,

    -against-

OXFORD HEALTH PLANS,

                    Defendant.
------------------------------------------------------------x

**Civil Action No.: 08 CV 7183**


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
JOHN S. ARTANDI,                                             **Civil Action No.: 08 CV 7181**
                        Plaintiff,

    -against-

OXFORD HEALTH PLANS,
                        Defendant.
------------------------------------------------------------x

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
JOHN S. ARTANDI,                                             **Civil Action No.: 08 CV 7182**
                        Plaintiff,

    -against-

OXFORD HEALTH PLANS,
                        Defendant.
------------------------------------------------------------x

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
ADVANCED ORTHOPEDIC                                          **Civil Action No.: 08 CV 7184**
REHIBILITATION, PC C/O JOHN S.
ARTANDI MD,
                        Plaintiff,

    -against-

OXFORD HEALTH PLANS,
                        Defendant.
------------------------------------------------------------x

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
ADVANCED ORTHOPEDIC
REHIBILITATION, PC C/O JOHN S.
ARTANDI MD,

                    Plaintiff,

-against-

OXFORD HEALTH PLANS,
                    Defendant.
-----------------------------------------------------------x

Civil Action No.: 08 CV 7185

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
ADVANCED ORTHOPEDIC
REHIBILITATION,

                    Plaintiff,

-against-

OXFORD HEALTH PLANS,
                    Defendant.
-----------------------------------------------------------x

Civil Action No.: 08 CV 7187

## ANSWER

Defendant Oxford Health Plans (NY), Inc. ("Defendant" or "Oxford") by and through its undersigned counsel, d'Arcambal, Levine & Ousley, LLP, as and for its Answer to the Notice of Claim and Summons to Appear (the "Complaints") of Plaintiff John S. Artandi and his corporation, Advanced Orthopedic Rehibilitation ("Plaintiff"), hereby responds as follows:

Defendant Oxford denies Plaintiff's claim that Oxford breached any contract with Plaintiff, and denies that Plaintiff is owed any additional benefits pursuant to the terms of the ERISA health Plans at issue.

3

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim in whole or in part upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant properly discharged its duties in connection with the evaluation, review and decision of the claim(s) in dispute and, at all times, acted in accordance with the terms and conditions of the respective ERISA Plans.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant fail in whole or in part, because the determinations made by Defendant, if any, were neither arbitrary, capricious, unreasonable, nor made in bad faith.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim(s) for reimbursement are for services that are not covered and/or are excluded under the terms and conditions of the Plans and/or exceed the amounts payable under the Plans.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's remedies, if any, for any act or omission of Defendant are limited solely to those afforded by the Employee Retirement Income Security Act of 1974 (ERISA), as set forth in § 1001 et seq. of Title 29 of the United States Code.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The Complaints against Defendant must fail as a matter of law and fact because ERISA preempts the application of New York law as it may relate to the claims asserted by Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages for any alleged acts or omissions are limited solely to those afforded by ERISA, and Plaintiff has no separate claim or prayer for relief under New York law.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendants has discharged its duties with respect to the Plan and claims at issue in the interest of the Plan participants and their beneficiaries, and, in doing so, Defendant acted in accordance with the documents and instruments governing the Plans and with the governing law of ERISA.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendant has fully performed its contractual duties under the Plans, as well as any other duties, if any, owed to Plaintiff, and Plaintiff is estopped from asserting any cause of action against Defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Before filing this Verified Complaint, Plaintiff failed to exhaust the required administrative remedies provided by the terms of the ERISA Plans at issue in a manner consistent with ERISA § 503 (29 U.S.C. § 1133). Therefore, this lawsuit should be dismissed.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the legal requirements that a claim be ripe and justiciable.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant reserves its right to rely upon such other and further affirmative defenses as may be supported by the facts to be determined by complete and full discovery.

WHEREFORE, Defendant Oxford respectfully requests that this Court grant judgment in its favor as follows:

(a) grant judgment in favor of Defendant Oxford against Plaintiff on each of his claims;

(b) grant attorneys' fees and costs that defendant has incurred pursuant to ERISA's fee shifting provision, 29 U.S.C. § 1132(g); and

(c) grant Oxford an award of all such other and further relief as the Court deems just and proper.

Dated: August 15, 2008
New York, New York

d'ARCAMBAL, LEVINE & OUSLEY, LLP

By: _____
Michelle J. d'Arcambal

40 Fulton Street, Suite 1005
New York, New York 10038
(212) 971-3175
Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer was served upon Plaintiff, John S. Artandi, by U.S. Mail, postage prepaid, this 15th day of August, 2008, upon the following:

John S. Artandi
18 East 50th Street, 6th Floor
New York, NY 10022

*Michelle J. d'Arcambal, Esq.*